UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

      v.

TRYN PARKER,

      Defendant.

**DECISION AND ORDER**

6:25-MJ-04034 CDH

---

Pending before the Court is a motion filed by defendant Tryn Parker seeking to recuse the undersigned from handling the above-captioned matter. (Dkt. 64). Mr. Parker bases his motion to disqualify on 28 U.S.C. § 455(a), which provides that a judge shall disqualify herself "in any proceeding in which h[er] impartiality might reasonably be questioned." *Id.* The relevant inquiry under § 455(a) is "whether a reasonable person, knowing all the facts, would conclude that the . . . judge's impartiality could reasonably be questioned." *United States v. Wedd*, 993 F.3d 104, 114 (2d Cir. 2021) (quoting *United States v. Thompson*, 76 F.3d 442, 451 (2d Cir. 1996)). The standard is an objective one. *S.E.C. v. Razmilovic*, 738 F.3d 14, 29 (2d Cir. 2013).

The gravamen of Mr. Parker's motion to recuse is that my written Decision and Order (Dkt. 57) (the "Motion to Dismiss Decision and Order")[1] denying his motion to dismiss the criminal complaint in this case is evidence of my "bias, prejudice and

---

[1] After issuing the Motion to Dismiss Decision and Order, I discovered that it erroneously stated that the search warrant at issue in this matter had been executed on March 25, 2025, rather than on the correct date of March 31, 2025. I thereafter issued an Amended Decision and Order correcting this typographical error. (Dkt. 60).

partiality" (Dkt. 64 at 1). It is well established that "judicial rulings alone almost never constitute a valid basis for a bias or partiality [recusal] motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The Supreme Court has explained that "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id*.

Mr. Parker argues that his motion is based not on any adverse ruling by me but instead should be granted because the Motion to Dismiss Decision and Order "hurls accusations, unsubstantiated claims from the AUSA playbook, while concluding Defendant is guilty of possession of drugs and guns, though no trial has found [him] guilty of such allegations." (Dkt. 64 at 1 (some capitalization omitted)). However, the Motion to Dismiss Decision and Order reached no conclusion regarding Mr. Parker's guilt or innocence—it was addressed solely to the question of whether probable cause exists as to the charges set forth in the criminal complaint. While the Motion to Dismiss Decision and Order construed the evidence in the light most favorable to the government, I explained therein that at this stage of the proceedings, the law requires the application of such a standard. (*See* Dkt. 57 at 3). And Mr. Parker's vehement disagreement with my assessment of the relevant case law and its application to the facts of this matter is not a basis for recusal under § 455(a).

Mr. Parker also asserts that I have refused to grant him a hearing. (Dkt. 64 at 21). To the contrary, I advised Mr. Parker of his right to a preliminary hearing at his

initial appearance in this matter. (*See* Dkt. 4). I explained to him that at a preliminary hearing, the government would have the burden to demonstrate probable cause to believe the charges contained in the criminal complaint, and that he would have the right to the assistance of counsel, the right to cross-examine the government's witnesses, the right to object to evidence introduced by the government (except on the basis that it was unlawfully acquired), and the right to present his own evidence and witnesses. At no time has Mr. Parker requested a preliminary hearing, nor have I ever denied such a request.

"A judge is as much obliged not to recuse h[er]self when it is not called for as [s]he is obliged to when it is." *In re Drexel Burnham Lambert Inc.*, 861 F.2d 1307, 1312 (2d Cir. 1988). Here, no reasonable person, knowing all the facts, would conclude that my impartiality could reasonably be questioned. Accordingly, Mr. Parker's motion for my recusal (Dkt. 64) is denied. Mr. Parker's objections to the Motion to Dismiss Decision and Order, which accompanied his recusal motion, have been assigned to a District Judge and will be decided in due course.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: October 27, 2025
      Rochester, New York