UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                              **DECISION AND ORDER**

                                                6:25-MJ-04034 CDH

TRYN PARKER,

                    Defendant.

Defendant Tryn Parker ("Parker") is charged by criminal complaint with possession with intent to distribute, and conspiracy and attempt to possess with intent to distribute, 400 grams or more of fentanyl, 50 grams or more of methamphetamine, and 28 grams or more of cocaine base and cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), (b)(1)(B), and (b)(1)(C); with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1); and with possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Dkt. 1 at 1). Parker has exercised his right to self-representation. (*See* Dkt. 109).

At the outset of this matter, the government moved to detain Parker pending trial pursuant to 18 U.S.C. § 3142. (Dkt. 4). Following a detention hearing, the undersigned granted the government's motion and ordered that Parker be detained. (Dkt. 12; Dkt. 13).

Parker sought review of the undersigned's decision by a District Judge pursuant to 18 U.S.C. § 3145(b). (Dkt. 19). On June 10, 2025, United States District Judge Meredith A. Vacca entered an order denying Parker's request to revoke the detention order and determining that detention pending trial was warranted. *United States v. Parker*, 25-MR-6061, Dkt. 9 (W.D.N.Y. Jun. 10, 2025). Parker appealed Judge Vacca's decision to the Second Circuit and also moved for bail pending appeal, immediate release, and to expedite his appeal. *See United States v. Parker*, No. 25-1898, Dkt. 26 at 1 (2d Cir. Oct. 9, 2025). On October 9, 2025, the Second Circuit entered an order denying Parker's motions and dismissing his appeal consistent with 28 U.S.C. § 1915(e). *Id.*

On December 1, 2025, Parker filed a motion seeking reconsideration of the detention order. (Dkt. 76). The Court denied that motion on February 9, 2026. (Dkt. 91).

On May 15, 2026, Parker filed a motion seeking review of the detention order pursuant to 18 U.S.C. §§ 3142(f) and 3145(b). (Dkt. 110). That motion—which repeats the same arguments that have already been considered by the undersigned, Judge Vacca, and the Second Circuit—is pending before Chief United States District Judge Elizabeth A. Wolford.

Currently before the undersigned is Parker's "emergency motion" seeking to stay all proceedings in this matter "pending Chief Judge Wolford's ruling on

Defendant's pending motion for reconsideration[.]" (Dkt. 117). The Court denies Parker's request for a stay.[1]

The Court has a duty to protect the public's interest in the timely resolution of criminal prosecutions. Indeed, "the public has as great an interest in a prompt criminal trial as has the defendant" and "the public is the loser when a criminal trial is not prosecuted expeditiously[.]" *United States v. Gambino*, 59 F.3d 353, 360 (2d Cir. 1995); *see also Barker v. Wingo*, 407 U.S. 514, 519 (1972) ("[T]here is a societal interest in providing a speedy trial which exists separate from, and at times in opposition to, the interests of the accused."). Parker has failed to demonstrate countervailing concerns that would justify the requested stay. His request for a stay is accordingly denied.

SO ORDERED.

_____
COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: June 10, 2026
      Rochester, New York

---

[1]    Motions to stay are non-dispositive and within the scope of a magistrate judge's authority to issue a final determination. *See, e.g., Crane v. Poetic Prods., Ltd.*, 549 F. Supp. 2d 566, 568 (S.D.N.Y. 2008).